## IN RE ESTATE OF CHARLES SCHUCK.

### LIZZIE JONES, APPELLANT, v. ESTATE OF CHARLES SCHUCK ET AL., APPELLEES.

#### FILED MAY 23, 1910.   No. 15,997.

Wills: CONSTRUCTION. A widow who served as executrix under the will of her deceased husband *held* not answerable to his children in her final account for the income arising after his death from the estate of which he died seized, where he disposed of his property as follows: "I hereby bequeath and grant to my beloved wife, Augusta Johanna Schuck, all my personal and real estate of which I shall die possessed, to be used by her for her support and her dependent children, but not to be sold or wasted, but to ·use the income of it as heretofore directed," and "after the death of my wife it is my will that the said personal and real estate shall be divided equally between my eleven children."

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Affirmed.*

*John C. Stevens,* for appellant.

*S. W. Christy* and *L. E. Cottle, contra.*

ROSE, J.

This appeal requires an examination of the following provisions of the duly probated will of Charles Schuck, deceased:

"First, I hereby constitute and appoint my beloved wife, Augusta Johanna Schuck, executrix of this my last will and testament, directing her to pay all my lawful debts and funeral expenses and to dispose of the balance of my estate as hereinafter directed.

"Second, I hereby bequeath and grant to my beloved wife, Augusta Johanna Schuck, all my personal and real estate of which I shall die possessed, to be used by her for her support and her dependent children, but not to be sold or wasted, but to use the income of it as heretofore directed.

"Third, after the death of my wife it is my will that the said personal and real estate shall be divided equally between my eleven children, to wit: Mrs. Lizzie Jones, Inland, Neb.; Mrs. Anna Bertha Scherwitz, Inland, Neb.; Mrs. Ida Guthrie, Denver, Colo.; Mrs. Louisa Schlick, Clay Center, Neb.; John Schuck, Inland, Neb.; Mrs. Mary Schmidt, Spring Ranche, Neb.; Eddie Schuck, Inland, Neb.; Charles Schuck, Inland, Neb.; Clara Schuck, Inland, Neb.; Herman Schuck, Inland, Neb.; Maude Schuck, Inland, Neb."

Testator's widow qualified as executrix, and the meaning of the will was first called in question in the county court of Clay county by objections to her final account and to her being discharged. Her final account showed there remained in her hands as unexpended proceeds of testator's personalty, after payment of debts and expenses of administration, the sum of $1,153. Executrix did not account for the interest on that sum nor for the rents and profits of the real estate of which testator died seized. The objections were founded on these propositions: The executrix, under the terms of the will, is responsible as trustee to testator's children for all of the estate not necessary for the support of herself and dependent children, including the income from both personal property and real estate. Out of the income not necessary for such support she cannot create for her individual benefit a separate estate which, at her death, may not be distributed according to the terms of the will. For the purpose of executing her trust she should be continued in her office of executrix until a trustee is appointed to administer the trust or until her life estate is terminated by her death. These propositions were all rejected by the county court in passing on the objections to the final report of the executrix. The result was that her account was confirmed and she was discharged with the balance of the proceeds of the personalty in her hands, and as a life tenant she was left in control of all of the realty of which testator died seized. Testator was twice married. Executrix was

his second wife. Lizzie Jones was the issue of the first marriage, and the other children named in his will were the issue of the second. It was Lizzie Jones who filed the objections in the county court. When they were over-ruled, she appealed to the district court for Clay county. The ruling there was likewise adverse to her, and as appellant she is now in this court urging the same objections and asking for the reversal of the judgment of the district court, where the decision was practically the same as in the county court, except that executrix was required to give a bond to account to testator's children for the unexpended balance of the proceeds of testator's personal property. Of this requirement, however, the executrix makes no complaint.

The following facts are established by stipulation: The rental value of the real estate of which testator died seized is $800 a year. The amount of money on hand as shown by the report of the executrix is $1,153, and is all of the personal estate left by testator at the time of his death, except what was applied by executrix to the payment of his debts and expenses of administration. Testator left eleven children, four of whom are minors. One of them is feeble-minded and will require constant care during life. In this situation the will of the husband and father is: "I hereby bequeath and grant to my beloved wife, Augusta Johanna Schuck, all my personal and real estate of which I shall die possessed, to be used by her for her support and her dependent children, but not to be sold or wasted, but to use the income of it as heretofore directed"; and "after the death of my wife it is my will that the said personal and real estate shall be divided equally between my eleven children." It seems clear that what testator willed was the personal and real estate possessed by him at the time of his death. The language used does not evince an intention to will the children any of the income arising after his death from either the personalty or realty. What he gave his wife for the support of herself and dependent children was described in his own

words as "my personal and real estate of which I shall die possessed, to be used by her for her support and her dependent children, but not to be sold or wasted, but to use the income of it as heretofore directed." What he gave to his children, after the death of his wife, was "said personal and real estate," referring to the words previously used, namely: "My personal and real estate of which I shall die possessed." An intention to will the children that part of the income, if any, not necessary for the support of the widow and dependent children, is nowhere expressed; but the entire will, when considered in connection with the facts disclosed, indicates a purpose on part of the testator to give to his children, subject to the life estate of the widow, the estate, both real and personal, of which he died seized, after payment of the debts and expenses of administration. Under this interpretation of the will the executrix is not required to account to any of the children for any part of the income arising after the death of testator from the estate of which he died seized. This conclusion requires an affirmance of the judgment of the district court.

AFFIRMED.